Toledo, Wabash and Western Railway Company

*v.*

Jacob Muthersbaugh.

1. REMOTE AND PROXIMATE CAUSE — *of the rule and its application— fire originating from sparks thrown from locomotive.* Where property is destroyed by fire, caused by sparks thrown from the engine of a

railroad company, through the negligence of its servants, and the destruction of the property is, under the circumstances of the case, a natural consequence, which any reasonable person could have anticipated, then the act of throwing the sparks, which originated the fire, is a proximate cause, whether the property destroyed is the first or tenth, the latter being so situated that its destruction is a consequence reasonably to be anticipated from setting the first on fire, and the company will be liable.

2. But if the destruction of the property is not the natural and proximate consequence of the escaping of the sparks, and consequent firing of the first building, then the company will not be liable.

3. In this case, it appeared that a warehouse, standing near the railroad track, was set on fire from sparks escaping from an engine of the railroad company, and that, at the time, there was a strong wind blowing in the direction of the plaintiff's stable, which was situated 101 rods from the warehouse, and that there was no combustible material intervening, but that the high wind carried brands from the burning warehouse to the stable of plaintiff, which caused it to take fire and burn up: *Held*, that the burning of the stable was not the natural and proximate consequence of the burning of the warehouse, and that the railroad company was not liable for the burning of the stable.

Appeal from the Circuit Court of Macon county; the Hon. Arthur J. Gallagher, Judge, presiding.

Messrs. Nelson & Roby, for the appellant.

Messrs. Crea & Ewing, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by Jacob Muthersbaugh, against the Toledo, Wabash and Western Railway Company, to recover for a stable and two horses destroyed by fire on the 11th day of October, 1868.

In the circuit court, the plaintiff recovered a verdict and judgment for $432.50. The defendant brings the record here, and insists upon a reversal of the judgment upon several grounds, only one of which, in the view we take of the case, it will be necessary to consider, as that will be conclusive of the case.

It appears, from the record, that Scott & Fisher owned a large frame warehouse, standing a few feet from the track of

the defendant's road, in the town of Bement.    The plaintiff's stable was situated 101 rods in a north-easterly direction from the warehouse, no buildings standing in a direct line between the two.    The stable was covered with straw, and, on the day of the fire, there was a high wind blowing from the south-west.

On the 11th day of October, 1868, the warehouse was burned, and the high wind prevailing from the south-west carried fire from the warehouse to plaintiff's stable, and it, together with plaintiff's horses in the stable, was destroyed by the fire.

Conceding that the burning of the warehouse was caused by sparks and cinders that were thrown from the engines of the defendant, through the negligence of the servants of the defendant in charge of the engines, then the question arises, was the burning of plaintiff's property the natural and proximate consequence of the burning of the warehouse?    If it was, then he can recover from the defendant; if not, no recovery can be had.

The question involved in this case was fully settled in *Fent* v. *Toledo, Peoria and Warsaw Railway Company*, 59 Ill. 349, where the point, when the cause of an injury is to be considered proximate, and when merely remote, was discussed, and the authorities fully reviewed.

In the opinion in that case, the court use this language: "If loss has been caused by the act, and it was, under the circumstances, a natural consequence which any reasonable person could have anticipated, then the act is a proximate cause, whether the house burned was the first or the tenth, the latter being so situated that its destruction is a consequence reasonably to be anticipated from setting the first on fire.    If, on the other hand, the fire has spread beyond its natural limits, by means of a new agency—if, for example, after its ignition, a high wind should arise, and carry burning brands to a great distance, by which a fire is caused in a place that would have been safe but for the wind—such a

loss might fairly be set down as a remote consequence, for which the railroad company should not be held responsible."

Under the rule thus announced, it can not reasonably be insisted that the burning of the plaintiff's stable was a natural consequence of burning the warehouse, which could have been anticipated by the defendant.

The distance the stable was situated from the warehouse being 101 rods, and no buildings intervening between the two, would lead any reasonable man to the conclusion that the stable would be in no danger from a fire at the warehouse.

Had it not been for the high wind prevailing from the south-west, it needs no argument to show the stable would have been in no danger whatever.

The fact that a high wind was blowing in the direction of the stable at the time the fire was communicated to the warehouse, which carried sparks, or burning brands, to a greater distance than they ordinarily would go, and thus destroyed the plaintiff's property, which would have been safe had it not been for the high wind blowing from the direction it did, can only be regarded as a remote consequence, for which the defendant can not be held responsible.

Parsons, in his work on Contracts, vol. 2, page 456, in discussing this question, which authority was cited and sanctioned by this court in the case cited *supra*, says "that every defendant shall be held liable for all of those consequences which might have been foreseen and expected as the results of his conduct, but not for those which he could not have foreseen, and was, therefore, under no moral obligation to take into consideration."

While the defendant might have anticipated and foreseen that the warehouse was liable to be destroyed by sparks which, through negligence of its servants, might escape from its engines, and thus be communicated to and destroy other property within a reasonable distance, yet, to hold that the defendant could reasonably have anticipated that a stable

100 rods distant from the warehouse, no buildings or com-
bustible material intervening, was likely to be destroyed by
the burning of the warehouse, is going further than any
respectable court within our knowledge has gone, and can
not receive our sanction.

It is said by appellee that this was a question of fact for
the jury, and that they have found upon that point for the
plaintiff. This is true, and, although we reluctantly disturb
the finding of a jury upon a question of fact, yet it is our
duty, and the uniform practice of the court, to do so where
there is no evidence to sustain the verdict.

Such is the condition of this record, and, as we fail to see
any ground upon which a recovery can be had in favor of
the plaintiff, the judgment will be reversed.

*Judgment reversed.*