### Jeff Wright v. Illinois Central Railroad Company.

1. DECLARATION—*how considered when tested by demurrer.* When a declaration or other pleading is tested by demurrer, all reasonable presumptions, intendments and inferences are taken against the pleader.

2. DECLARATION—*when does not state cause of action.* Where a declaration, to which a demurrer has been interposed, and relied upon, does not show the proximate causal connection between the wrongful act alleged and the injury complained of, no cause of action is set up.

3. DECLARATION—*when does not set up cause of action.* Held, in this case, that the declaration in this case, which charged that the injury to the plaintiff was caused by a maul dropping from the hands of a fellow workman and striking him, did not set up a cause of action.

Action on the case for personal injuries. Error to the Circuit Court of Jackson County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

WILLIAM A. SCHWARTZ and HOSEA V. FERRELL, for plaintiff in error.

W. W. BARR and R. J. STEPHENS, for defendant in error; J. M. DICKINSON, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Jackson county, by plaintiff in error against defendant in error to recover damages for a personal injury sustained by plaintiff in error while in the service of defendant in error, as a section hand. In the Circuit Court a general demurrer was interposed to plaintiff's declaration. The court sustained the demurrer, plaintiff elected to stand by his declaration and thereupon the court rendered judgment in favor of defendant against plaintiff for costs of suit.

The only question for our determination here is, whether the Circuit Court erred in sustaining defendant's demurrer to plaintiff's declaration.

The declaration consists of four counts. The first count as abstracted by counsel for plaintiff in error is as follows: "That plaintiff was in the employ of defendant; that it was the duty of defendant not to require and demand the co-employes of plaintiff to perform their work in such a manner as to expose plaintiff and other workmen to unnecessary danger and peril; that plaintiff and other employes were working on defendant's road, and that defendant negligently and carelessly ordered and commanded a certain co-employe of plaintiff to remove an iron plate from under a track rail by striking said plate with an iron spike maul; that defendant knew, or by the exercise of due care could have known, that said maul was liable to slip from the hands of said workman, and that if it did so it would very likely strike plaintiff or some of the other workmen and seriously injure them. And that while plaintiff was working at the place required by defendant, and while the workman was attempting to remove the plate by knocking it out with the maul, the maul slipped from the hands of the workman, and while in the exercise of due care for his own safety, plaintiff was struck by the maul and seriously injured." In addition to what is stated in the first count, it is alleged in the second count that the section gang of which plaintiff was a member was under the direction and control of a foreman who had full power and authority to direct the men and the work and to hire and discharge; describes the maul (an ordinary spike maul, alleged to weigh ten pounds), states that the day was cold, that the man using the maul wore gloves, and that plaintiff was required to work within a distance of to-wit: twenty feet of the man using the maul. The third count is not different from the first in any material respect, here involved. The fourth count in addition to what is in the others, contains the allegation that the foreman ordered a co-employe of plaintiff to remove a plate from under a track rail by knocking it out from under the rail with an iron spike maul, and that the common and safe way of removing such plates was to lift the rail and then to pull

out the plate. And it is alleged in this count as in all the others that defendant knew, or by the exercise of reasonable care could have known, that said maul was liable to slip out of the hands of the workman using it and that if it did so it was liable to hit some of the co-employes standing and working near by.

When a declaration or other pleading is being tested by demurrer, we must always bear in mind that all reasonable presumptions, intendments and inferences stand against the pleader. So tested, the substantive facts set up in the first, second and third counts, disclose no more than that ordinary work was being performed by plaintiff in error and his co-employes in the line of their ordinary employment in a proper and usual manner, and that one of the men let the maul slip from his hand and hurt plaintiff. In such case, and where no more is disclosed than appears here, the injury is always held to be the result of hazard ordinarily incident to the employment, for which the employer is not liable.

The fourth count is of a different class. It is based upon the theory that there was a common and safe way of doing the particular work in hand, and that the superior servant of defendant in error, who was at the time in charge of the work and of the men, adopted an uncommon and unsafe way, directed the performance of the work in that way, and that as a proximate result thereof plaintiff in error was injured. The question is, when we hold all reasonable presumptions, intendments and inferences against the pleading, does it meet the full measure of the concept upon which it is based? Counsel cite the following cases in support of this feature of their case: C., B. & Q. R. R. Co. v. Blank, 24 Ill. App. 438; City of Chicago v. Cronin, 91 Ill. App. 466; C. & A. R. R. Co. v. May, 108 Ill. 288; Offutt v. Columbian Exposition, 175 Ill. 472, and I. C. R. R. Co. v. Atwell, 198 Ill. 200. None of these cases turn upon the sufficiency of a declaration, when tested by demurrer, and the facts established by the evidence in each and all of them, are so dissimilar to such facts as appear and must be

inferred from what the declaration in the case at bar states, and what it does not state, as to make them of little value as controlling, or guiding authority, here.

Assuming the existence of both a wrongful act and an injury, still as a basis for liability, there must be a proximate causal connection between the wrongful act and the injury, and this must be such as under the particular circumstances of the particular case might reasonably have been foreseen. It is true that in some cases, the existence of the two facts speaks the connection, but this case does not fall within that class of cases. It is also true that what is proximate cause, is usually a question of fact for a jury and not a question of law for the court, but upon a given state of facts, such as are disclosed in a declaration or a line of undisputed evidence, and where it is apparent to the court that all disinterested reasonable minds will agree, then whether the cause is approximate or remote becomes a question of law for the court.

"The general rule is, that one is answerable for the consequences of a fault which are natural and probable; but if his fault happens to concur with something extraordinary and unforeseen he will not be liable." American Express Co. v Risley, 77 Ill. App. 476. Every defendant shall be held liable for all those consequences which might have been foreseen and expected as the result of his conduct, but not for those he could not have foreseen, and was therefore under no moral obligation to take into consideration. Fent v. T. P. & W. Ry. Co., 59 Ill. 349; T. W. & W. Ry. Co. v. Muthersbaugh, 71 Ill. 572; Schmidt v. Mitchell, 84 Ill. 195. "Proximate cause is therefore probable cause, and remote cause is improbable cause." Where "the negligent act and the injury are known by common experience to be usual in consequence, and the injury is most likely to follow the acts in the ordinary course of events, it is always a question of fact for the jury whether the negligence was the proximate cause of the injury;" otherwise it is a question of law for the court. Armour v. Golkowska, 202 Ill. 144; Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145.

The presumption is that the maul was an ordinary implement of that description and perfect in construction and repair; that the workman who was using it was an experienced and careful workman accustomed to use that character of implement; that he was not upon a tottering scaffold, suspended by a rope, or down in a ditch, and that he was in fact not in any wise hampered by his environments. It is true one count states that it was a cold day and he had on gloves, but the presumption on the state of record here is, that this was usual and proper.

Tested by the law as we understand it, the alleged cause was remote and not proximate, and upon the facts alleged and inferrable, this is a question of law for the court and not a question of fact for a jury.

While defendant in error might well have known as any reasonable man would, that if the workman did let the maul slip out of his hands it would probably hurt somebody, yet all disinterested reasonable minds will agree that it could not have been reasonably foreseen, under the circumstances, that the workman would "probably" let it slip out of his hands, that such was "known by common experience to be usual in consequence." The fault charged against defendant in error in this case "happened to concur with something extraordinary and unforeseen," and therefore it is not liable for the consequences.

The judgment of the Circuit Court is affirmed.

*Affirmed.*