# Pittenger & Davis Mining & Manufacturing Company v. Jacob Gettleman.

1. NEGLIGENCE—*when not actionable.* Negligence is not actionable unless it be the proximate cause of the injury complained of.

Action on the case for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the August term, 1905. Reversed with finding of facts. Opinion filed March 22, 1906.

WISE & McNULTY, for appellant; W. F. BUNDY, of counsel.

FRANK F. NOLEMAN, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was an action on the case brought by appellee against appellant to recover damages for injuries received January 30, 1904, by appellee while employed as a shift-hand in appellant's coal mine, located at Centralia, Illinois. The declaration consisted of two counts, but the second count was withdrawn and the cause tried upon the first count alone. This count averred that the plaintiff was employed as a shift-hand engaged in laying and repairing track, and cleaning up falls of rock, slate, etc.; that in a certain room in said mine, designated as room No. 16, there existed a large accumulation of rock, slate and other substance which had fallen from the roof a day or two before and intercepted work in the said room; that the defendant, in total disregard of its duty, and in violation of the statute, wilfully failed to furnish and provide a sufficient quantity of air and to so regulate and direct the same that said air currents would be forced to the working face of said room 16, so that said room at and adjacent to the working face would be reasonably free from standing powder smoke and deleterious air of every kind, and by reason of defendant's wilful failure in that behalf a large accumu-

lation of powder smoke, lamp smoke, dust and other dele-terious kinds of air accumulated in said room 16 in the vicinity of said fall of rock and the working face, so that the conditions of the roof of said room and the surroundings thereof could not be discerned and ascertained from the light of the miner's lamp by those employed therein; that the plaintiff and his assistant, Murphy, were notified by defendant's mine manager of the fall of. slate in room 16 and were ordered to clean up said fall; that he. proceeded to said room 16 for the purpose of cleaning up said fall of slate; that on his arrival at the room he proceeded to the point where said slate and rock was lying to assist in cleaning it up, as it was his duty to do. That the roof of said room in the vicinity of said fall was in a dangerous condition and large quantities of slate and rock were loosened and about to fall. Yet plaintiff avers that by reason of defendant's wilful failure to have said working place properly ventilated and by reason of a large accumulation of powder smoke, lamp smoke, dust and other deleterious air at said point he was unable to see and ascertain the condition of said roof 'by the light of his lamp, and before he had an opportunity to test the same, and without knowing the dangerous condition of said roof, a large mass of rock, slate and other substance suddenly fell from said roof without warning upon the plaintiff, whereby he was. knocked down, crushed and injured. A plea of general issue was filed, the cause tried by a jury, and a verdict of $1,500 rendered in favor of plaintiff. Motion for new trial was denied and a judgment rendered on the verdict from which this appeal is prosecuted.

The action is based upon a wilful violation of section 19 of the Miner's Act, by which appellant, a mine operator, was required to supply and maintain throughout the mine currents of fresh air sufficient for the health and safety of the men employed therein. In furtherance of this purpose it is required, that cross-cuts not more than sixty feet apart shall be made between the rooms and that the currents of air shall be so directed and forced that all parts of

the mine shall be kept reasonably free from standing powder smoke and deleterious air of every kind. The injury to appellee was caused by the fall of slate or rock from the roof of the mine in room 16, which he in the line of his duty entered a few. moments before. There is evidence tending to prove that at the time and place of the injury the supply and current of air was not sufficient to remove the lamp smoke which had gathered in this room to such extent and density as to obscure the vision and prevent the appellee from seeing the condition of the roof. But we are clearly of opinion that the evidence does not tend to prove liability of appellant under the charge in the declaration for a wilful violation of the statute. Section 19 of the statute pertains to the subject of ventilation and has reference solely to the sanitary condition of the mine, the health and safety of the men as affected by the supply and circulation of air. That the mine "should be reasonably free from standing powder smoke and deleterious air of every kind," a provision found in sub-section (a), is merely declaratory and descriptive of the condition required for the safety of workmen against the injurious effect of breathing impure, deleterious air, made noxious by the gas fumes and smoke of burning powder or otherwise. This section makes no reference to conditions respecting light or the safety of the miners in that matter and it would be a strained construction, not authorized by the purpose or language of the statute, to impute such intent to the legislature. Though the smoky condition of the mine was due to the wilful failure of appellant to comply with the requirements of the statute-as alleged in the declaration, the injury complained of is not such as may be rightly attributed to such failure. Even with the construction contended for by appellee, the evidence fails to show that the failure of appellant to comply with the statute was the proximate cause of the injury. The smoke had nothing to do with the fall of slate, nor is there any evidence in the record to justify an inference that visual inspection of the roof by the imperfect light of a miner's lamp would have revealed the danger, or that ap-

552    APPELLATE COURTS OF ILLINOIS.

VOL. 126.] St. L. Merchants' Bridge Terminal Ry. Co. v. Schultz.

pellee would have made the. inspection, or in any manner would have acted differently in care for his safety. In other words, there is no evidence from which it may fairly be said that the accident would not have happened had the mine been clear of smoke. In either view the peremptory instruction should have been given, and the case taken from the jury. The judgment of the Circuit Court will therefore be reversed without remanding.

*Reversed, with finding of facts.*

We find as facts, to be incorporated with the judgment, that the alleged wilful violation of the statute by the appellant was not the proximate cause of the injury complained of.