## Carterville & Herrin Coal Company v. William Moake.

1. MINE OWNER—*what essential to recovery against.* There can be no recovery against a mine owner for alleged wilful violation of the Miners' Act unless a causal connection between the injury suffered and the alleged wilful failure to comply with the statute is shown.

Action on the case. Appeal from the Circuit Court of Williamson county; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1906. Reversed, with finding of fact. Opinion filed September 14, 1906.

.E. E. DENISON, for appellant; ED. M. SPILLER, of counsel.

PILLOW & SMITH and W. C. S. RHEA, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action on the case, brought by appellee against appellant, to recover damages for injuries, which, it is alleged, were caused by appellant's wilful violation of clause (g), section 19, of the Miner's Act (Chap. 93, Rev. Stat.). The amended declaration contained three counts, but the plaintiff having dismissed his suit as to the first and third, the case was submitted to the jury on the issues made by the second count alone, to which the general issue was pleaded.

The jury found for the plaintiff and assessed damages $1,000. Judgment on the verdict was rendered and the defendant appealed. At the close of the evidence the defendant moved the court for a peremptory

instruction to instruct the jury to find the defendant not guilty. This the court refused, exceptions were preserved, and by the first and second of errors assigned the controlling question in this appeal is presented.

The appellant was operating a coal mine by means of a shaft from the bottom of which extended a main entry north and south. Forty feet north of the shaft the first east entry turned off the north main entry, extending in an easterly direction; and from this east entry, at a point 60 feet from the north main entry, another entry, known as a gang-way or air-course, extended north, parallel with the north main entry, a distance of 175 feet. This was a new mine in process of development. No rooms had as yet been opened, the air shaft was not completed, and ventilation was effected by a fan located in an entry east of the main shaft, which was partitioned so as to be used both as an upcast and downcast for ventilating air-currents. On November 16, 1904, the day of the accident, appellee was in the employ of appellant as a coal-digger. Two other coal-diggers, Italians, kept their powder-box on the west side and just within the entrance of the "gang-way" or "air-course" already mentioned. At the time of the accident the two Italians were standing near their powder-box loading some cartridges; one of them was squibbing out a blasting barrel, and the other preparing to open a keg of powder with a pick. The appellee had a twenty-five pound keg full of powder standing within eight feet of the Italians and was himself sitting on the powder-box or walking down the "gang-way" or "dead" entry as it is called, at a point 60 or 70 feet from its entrance, when the explosion occurred. The powder was ignited by one of the Italian workmen, either in squibbing the blasting barrel or in opening his powder keg with a pick. Two kegs, one of which belonged to appellee and the other to the Italians, exploded, killing the two Italians and injuring appellee.

Complaint is made by the declaration that there is no cross-cut opening every sixty feet in the "gang-way" extending north from the first east entry, and for failure to provide such cross-cuts the appellant is charged with a wilful violation of the statute. In the view we take of this record, it will not be necessary to decide, and we therefore express no opinion, whether under all the circumstances shown, and the plan and purpose of the operations at the time of the injury, the appellant was required by law to cross-cut between the main entry and gang-way. It is sufficient in this case that there is no causal connection between the injury suffered and the alleged wilful failure in duty. The expressed purpose of the statute in requiring cross-cuts is to secure and maintain throughout the mine currents of fresh air, sufficient for the health and safety of the men and animals employed therein; so that all parts of the mine shall be reasonably free from standing powder smoke and deleterious air. The "safety of men and animals" for which provision is made in section 19 of the statute, relates to the sanitary condition as affected by inadequate ventilation and the breathing of impure air, poisonous smoke and vapor—"deleterious air." In Pettinger and Davis Mining Co. v. Gettleman, 126 Ill. App. 549, the action was based upon a wilful violation of the law by the defendant in failing to provide cross-cuts; and it was alleged, that by reason of this, there was an accumulation of smoke, dust and other "deleterious air," so that the conditions of the roof of the room and the surroundings thereof could not be discovered and ascertained from the light of the miner's lamp, and because of that, it was alleged, the plaintiff did not and could not observe the dangerous conditions of the roof and avoid the injury he received from a falling rock. There, as here, it was contended that the violation of the statute was the proximate cause of the injury. We held otherwise, and said: "Section 19 of the statute pertains to the

subject of ventilation and has reference solely to the sanitary condition of the mine, the health and safety of the men as affected by the supply and circulation of air." With this construction of the statute, to which we adhere, the action fails, because there is no evidence in the record tending to prove that the injury suffered was caused, proximately or remotely, by any alleged failure of appellant respecting its statutory duties. "Evidence of violation of a statute or ordinance can tend to show actionable negligence only where the consequences, particularly or generally, contemplated by the provision in question have resulted from its violation." 21 Am. & Eng. Ency. of L. 481. Appellee was injured by the explosion of gunpowder, whether due to his own negligence or that of fellow-servants, we need not inquire. The alleged cause of injury is the master's neglect of a statutory duty and there being no proof to support the allegation it was the duty of the trial court to give the peremptory instruction requested, and it now becomes the duty of this court to reverse the judgment, with a finding of facts.

*Reversed, with finding of facts.*

We find, as a fact, to be incorporated with the judgment, that the alleged violation of the statute was not the proximate cause of the injuries received.