CHRISTIAN B. SCHLAPP, Plaintiff in Error, *vs.* THE MC-LEAN COUNTY COAL COMPANY, Defendant in Error.

*Opinion filed October 26, 1908.*

1. MINES—*places of refuge not required to be made at any particular points.* Places of refuge, such as are required by section 21 of the Mines act, may be constructed by the mining company at any points along the hauling road it sees fit, provided they are not more than twenty yards apart, and it is not required to construct them at any particular point.

2. SAME—*when a verdict for mining company is properly directed.* In an action counting upon a mining company's willful failure to construct places of refuge as required by section 21 of the Mines act, a verdict for the company is properly directed where the evidence shows that a failure to provide sufficient space between the wall of the road and plaintiff's car at the point where he stopped to remove sprags from the wheels was the proximate cause of the injury, which might have occurred even though the company had constructed places of refuge.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

This is an action on the case brought by Christian B. Schlapp, plaintiff in error, in the circuit court of McLean county, against the McLean County Coal Company, for damages for personal injuries alleged to have been sustained by him while he was in its employ as a mule driver, by reason of a willful violation by said company of section 21 of chapter 93, Hurd's Revised Statutes of 1905. At the close of all the evidence the court instructed the jury to find defendant in error not guilty. The motion of the plaintiff in error for a new trial was overruled and judgment was entered by the court against him. That judgment has been affirmed by the Appellate Court for the Third District, and to review the judgment of that court Schlapp has sued out a writ of error from this court.

The portion of section 21, *supra,* upon which the suit was based, reads as follows: "On all hauling roads or gangways on which the hauling is done by draft animals, or gangways whereon men have to pass to and from their work, places of refuge must be cut in the side wall at least two and a half feet deep, and not more than twenty yards apart; but such places shall not be required in entries from which rooms are driven at regular intervals not exceeding twenty yards, and wherever there is a clear space of two and one-half feet between the car and the rib, such space shall be deemed sufficient for the safe passage of men."

Plaintiff in error was employed as a mule driver in the McLean County Coal Company's mine, in McLean county, Illinois. The injuries sustained by him were received on February 16, 1906, while driving a mule attached to a car loaded with coal in a road in the mine leading out of a room known as No. X19 to an entry known as No. 2 south. In the operation of its mine defendant in error uses a vertical shaft about five hundred feet deep. From the bottom of this shaft a double-tracked road, called No. 1 straight west, operated by a cable, extends west about a mile to where entry No. 2 south branches off with a single-track road, over which the cars are hauled by mules from rooms opening off that entry to entry No. 1 straight west. Opening off entry No. 2 south is a room every forty-four feet, and on the west side of this entry there had been opened about fifty rooms, among which was No. X19, in which plaintiff in error was injured. In opening a room the men employed by the company for that purpose start at the roadway in the center of the forty-four foot strip and open an entrance to the room six feet wide, six feet high and extending twelve feet into the coal. The room is then turned over to two miners, who proceed to widen the room to the right and left of the inner end of the opening to the full' width of the forty-four feet, when it is carried back as the coal is mined. As the coal is taken out and the face of

the coal gets further away from the entry a track is laid, so that cars may be run into the room and up to the face, to be there loaded by the miners. As the miners work into the room, slack, slate, stone and other debris separated from the coal are thrown behind them. After the room has been carried back as far as is contemplated by the plans of the operator, the track is taken up and the room abandoned. In this mine the "long wall" system was used. The rooms were not timbered, except where it was necessary to prop a roof above a road. As the miners threw the refuse behind them they left always an open space extending lengthwise through the room, and in this open space the rails for the track were laid. The vein was only about four feet in thickness, and it was therefore necessary to make the roof higher above the roadway than it was above the other portions of the room. As the room became longer the roof settled down upon the refuse, and it was necessary to keep cutting the space above the roadway higher until the roof had finally settled down solidly upon the refuse, when the walls along the side of the roadway would be practically as solid as before the coal was removed, the only open spaces in the so-called room being the road and a space extending across the room at the face of the coal. The track leading into room X19 had been laid as the coal was mined, and at this time it was about two hundred feet in length. The cars used in this room were approximately three and one-half feet wide, and in places in the room the sides of the car, when passing, would almost touch the wall on either side. Along this track there was not a clear space of two and one-half feet between the car and the rib. No rooms were driven from the sides of this roadway. From the head of this room along the track toward the entry for one hundred and twenty-five feet there was a sharp incline, and when a car loaded with coal was brought down this incline it was necessary for the mule driver to put sprags in the car wheels to keep the car from running upon the mule, and at the

bottom of this incline these sprags had to be removed so that the mule might pull the car up the slight ascent which began there.   The two miners to whom this room was assigned were obliged to walk over this track in going to and from their work.   Just before the accident occurred, plaintiff in error, upon a signal from the miners working in the room, had driven his mule from entry No. 2 south along this track to the top of the incline and hitched to a car of coal which was ready to be taken out.   Before starting down the incline he placed sprags in both of the wheels on the left side of the car.   When he reached the bottom of the incline the mule stopped and plaintiff in error got down at the left side of the car to remove the sprags, and while attempting to do so the mule started, and as the road was there very narrow, he was by reason of that fact caught between the side of the car and the wall and severely injured.

It is urged by plaintiff in error that the circuit court erred in instructing the jury to find the defendant not guilty.

LIVINGSTON & BACH, for plaintiff in error.

SPENCER EWING, (JAMES S. EWING, of counsel,) for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is contended by defendant in error that the statute in question does not apply to the road within the room in which the accident occurred in this case.   We have found it unnecessary to determine that question.   If it be conceded that the statute does apply to this road and that defendant in error was guilty of a willful violation of that statute in failing to provide the places of refuge, the record is still entirely barren of evidence tending to show that the absence of such places of refuge was the proximate cause of this injury.   The road in question was two hundred feet in length.   From the end next the face of the coal it sloped down toward entry No. 2 south for a distance of one hun-

dred and twenty-five feet. From the foot of this incline, proceeding toward the entry, the road ascended slightly for about ten feet, and from the top of that ascent it descended slightly or was practically level to the entry into which it led. When the car was started it was necessary to sprag the wheels to keep it from running on to the mule while going down the incline. When the car reached the foot of the incline it was necessary to remove the sprags so that the mule could pull the car up the ascent, and it was while plaintiff in error was engaged in removing the sprags at that point that the mule unexpectedly started and the injury resulted. The statute did not, in any event, require defendant in error to construct a place of refuge at the place where this car was stopped. If it required the construction of places of refuge along this road, defendant in error might construct them in such places as it saw fit, provided the places were not more than twenty yards apart. If the statute applies, defendant in error could have complied therewith without making a place of refuge within twenty-five feet on either side of the point where the injury occurred. As was well said by the Appellate Court, the proximate cause of the injury was not the failure of defendant in error to provide places of refuge within such distances of each other as the statute contemplates, but the proximate cause was the absence of a place of refuge or the absence of sufficient space to enable the plaintiff in error to remove the sprags without danger at the particular place where the car was stopped. Whatever view may be taken with reference to the existence of a statutory duty on the part of defendant in error to construct places of refuge along this road, it cannot be contended that the statute required it to construct a place of refuge at this particular point or within twenty-five feet thereof on either side. It follows that a verdict for the defendant was properly directed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*