## Celeste Odorizzi, Plaintiff in Error, v. Southern Coal & Mining Company, Defendant in Error.

1. MINES AND MINERS ACT—*when peremptory instruction proper in action charging wilful violation.* If the injury of the plaintiff cannot by any fair process of reasoning be attributed to the violation of the statute, it is proper that the trial court should give a peremptory instruction for the defendant.

2. MINES AND MINERS ACT—*what essential to recovery in action charging wilful violation.* In order to recover under this statute it is essential that the plaintiff establish by a preponderance of the evidence that the wilful violation alleged was the proximate cause of the injury complained of.

Action in case for personal injuries. Error to the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

L. D. TURNER and L. D. TURNER, JR., for plaintiff in error.

KRAMER, KRAMER & CAMPBELL, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

On December 26, 1907, the defendant in error was the owner of and operating a coal mine near New Baden, in Clinton county, by means of a main shaft, entries, rooms and cross cuts. On that day plaintiff in error, Celeste Odorizzi, and his helper were undercutting the face of the coal with an air machine in room No. 6, off of the fifth north entry in said mine, by direction of the pit-boss of the defendant in error. This room was opened about twenty-seven feet in advance of the air current, or last open cross cut, and was driven to the distance of about fifty-two feet to the place where the accident happened. Plaintiff was injured in the afternoon while he was running his ma-

chine, by coal falling on him out of the face of the room and breaking his leg and permanently injuring him. An appropriate declaration was filed charging that his injury was caused by the defendant's wilful violation of the statute on Mines and Miners, providing that "cross cuts shall be made not more than sixty feet apart, and no room shall be opened in advance of the air current." A plea of not guilty was interposed by the defendant; and, upon a jury trial, a verdict of not guilty was returned at the close of the plaintiff's evidence by direction of the court; and judgment was entered in bar of the action and for costs. Plaintiff has sued out this writ of error to review this judgment.

It is contended by the plaintiff in error that there is sufficient evidence in this record to prove that the injury which he sustained was directly caused by the defendant's wilful violation of said statute; and that the case ought to have been submitted to the jury by the court.

The evidence for the plaintiff was in substance that he was undercutting the face of the coal with his machine; that at the time the coal fell there was dust in the room in the air and that the air was bad; that the cutting of the coal made the dust, that he could not see the face or the top of the coal for the dust, that he was three or four feet from the face when the coal fell on him and that it fell from the face; and that it fell down on him without him noticing it before it was down. He also testified that the roof of the room was all right and that he tried it to see if it was good or not before he went to work. His witnesses further testify that there is always some dust from operating the machine, and that the air current does not have much effect on that; that the coal dust is generally too heavy, and settles without going any distance. The foregoing is all the evidence that was offered showing, or tending to show, the condition of this room and the cause of the injury to the plaintiff at the time in question. It clearly appears from the evidence that the plaintiff's

injury was caused by the coal falling on him, but it is not shown what caused the coal to fall. It is equally clear from the evidence that this room being in advance of the air current had nothing to do with the falling of the coal in question. The evidence does not even show, or tend to show, that the plaintiff could or would have avoided the injury if the room had been completely ventilated and cleared of bad air, dust and smoke. The injury to the plaintiff cannot, by any fair process of reasoning, be attributed to the violation of the statute in question. The lower court therefore very properly held as a matter of law that the violation of this statute was not the proximate cause of the plaintiff's injury. Terminal R. R. Ass'n v. Larkins, 112 Ill. App. 366; Wright v. I. C. R. R. Co., 119 Ill. App. 132.

The plaintiff's contention seems to be that it was not necessary for him to prove that the violation of the statute was the proximate cause of his injury to entitle him to recover. The plaintiff says in his argument: "If the pit-boss of the defendant in error had not ordered the plaintiff in error to go there and work in the room, which was opened up in violation of the law, he would not have been injured." That is true and it is also true that the room was opened in advance of the air current in wilful violation of the statute. But that is not enough. It must further appear from the evidence that if the statute had been complied with, that is, if the proper cross cut had been made in advance of this room and the air current had been traveling properly thereby, that the plaintiff would not have been injured. In other words, the wilful violation of the statute must be shown to have been the proximate cause of the injury. Failing to introduce evidence proving, or tending to prove, this material and necessary element of recovery, the cause was properly taken from the consideration of the jury. Schlapp v. McLean County Coal Co., 235 Ill. 630; Odin Coal Co. v. Denman, 185 Ill. 413; Pittenger & Davis

M. & M. Co. v. Gettleman, 126 Ill. App. 549; Mo. & Ill. Coal Co. v. Schwalb, 74 Ill. App. 567.

We are of the opinion that the lower court committed no error in this record. The judgment is therefore affirmed.

*Affirmed.*