HARRY S. NALL, Appellee, vs. R. C. TAYLOR et al.
Appellants.

*Opinion filed December 21, 1910.*

1. NEGLIGENCE—*liability of person for natural consequences of his acts.* A person is liable for all of those consequences which might have been foreseen and expected as a result of his conduct, but not for those which he could not have foreseen and was therefore under no moral obligation to take into consideration.

2. FIRES—*when question whether fire was proximate cause of the burning of plaintiff's buildings is one of fact.* Whether the fire set by the defendant upon his premises was the proximate cause of the burning of the plaintiff's buildings nearly a quarter of a mile away is a question of fact for the jury, where there is evidence tending to show that the ground between the plaintiff's buildings and the place where the defendant lighted the fire was covered with dry and inflammable weeds and grass, which communicated the fire with the aid of a strong wind. (*T., W. & W. Ry. Co.* v. *Muthersbaugh,* 71 Ill. 572, distinguished.)

3. PLEADING—*when count need not allege that act was negligent.* Where a count in a declaration in an action for damages states facts from which the law will raise a duty and show an omission of duty by the defendant which resulted in the injury, it is not necessary to allege that the defendant's act was negligent.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding.

J. J. NEIGER, for appellants.

J. N. GRIDLEY, and MILTON MCCLURE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action on the case brought by the appellee, Harry S. Nall, against appellants, R. C. Taylor and George Cline, in the circuit court of Cass county. Judgment was obtained against said appellants for $250, which, on appeal to the Appellate Court, was affirmed. The Appellate Court granted a certificate of importance, and this appeal followed.

The first count of the declaration upon which the cause was tried, charged, in substance, that on October 13, 1908, the plaintiff was lawfully possessed of a certain tract of land described therein, upon which then and there he had certain personal property, and that on said date, "on the prairie near to and adjoining the said premises of the plaintiff, * * * and on lands owned by the defendant Taylor, which land was then and there thickly grown over with dry grass and weeds, and while there was a strong wind blowing from the direction of the said prairie towards the premises of the plaintiff where his said personal property was located, the defendants negligently, carelessly and intentionally kindled and set a fire in the dry grass and weeds on the said prairie, and so negligently tended and watched the said fire that the same communicated and extended into and upon the said premises of the plaintiff and consumed" said goods and chattels. The second count, it is claimed, was based upon paragraph 18 of division 1 of the Criminal Code, which reads: "If any person shall, at any time hereafter, willfully and intentionally or negligently and carelessly set on fire, or cause to be set on fire any woods, prairies or other grounds whatsoever, he shall be fined not less than $5 nor more than $100: *Provided,* this section shall not extend to any person who shall set on fire or cause to be set on fire any woods or prairies adjoining his own farm, plantation or inclosure, for the necessary preservation thereof from accident by fire, between the last day of November and the first day of March, by giving to his neighbors and the owner or occupant of such land, and any person likely to be affected thereby, two days' notice of such intention: *Provided, also,* this section shall not be construed to take away any civil remedy which any person may be entitled to for any injury which may be done or received in consequence of any such firing."

The evidence shows that appellant Taylor, on October 13, 1908, was, and had been for some time, the owner of

a farm bounded on the north by a drainage ditch twenty-four feet wide, separating said Taylor's land from that occupied by appellee; on the east by a pasture belonging to one Schaad; on the west by a corn field, and on the south by another drainage ditch. The situation of the land, with the surroundings, is shown approximately by the following plat:

All of these properties were bottom or overflow lands which had been more or less reclaimed by a drainage district. No timber was on it and only part of it had been cultivated. During 1908 the river overflowed this bottom land and prevented the raising of any crops thereon for that year. As a result, on the date in question the land was covered with a thick growth of grass and weeds. For some time previous there had been a protracted drought, which made the vegetation very dry and inflammable. Ap-

pellee was a tenant farmer living on the premises, as shown on the plat. The weeds and grass on the Taylor land grew up almost to the house and log barn on said land and extended northward to his north line at the drainage ditch. The water in the drainage ditch at the time in question was low, having a width of a few feet, and a depth, in some places, of five or six inches. North of this ditch the land was used as a pasture and the weeds and grass were not so high, although there is evidence tending to show that the grass and weeds in this pasture were somewhat dense and inflammable and extended to the buildings of appellee. The north part of the Taylor land had been leased for the season of 1909 to the appellant Cline and the south part to Schaad. On the part leased to Cline the dwelling house and barn were located, being occupied by one Ora Cummings and family. We infer from the record that there were no fences about the house and barn on the Taylor land, or any yard, properly so called. On the day in question Taylor, Cline and Schaad had decided to burn the weeds and grass on the Taylor land. Before setting fire for that purpose, in order to protect the house and barn upon the land, they set a back-fire around the buildings. The evidence tends to show that the wind was blowing very strongly that day from the south-west, and while the evidence is not all in harmony on the question, there is also evidence tending to show that shortly after starting this back-fire the wind suddenly veered to the west, causing the barn, and afterwards the dwelling house, to catch fire, and both were destroyed. While the parties were watching the burning buildings smoke was noticed coming from the barn on the premises of appellee, Nall. None of his family were at home that day and he did not reach there until his buildings were burned. Taylor and Cline made some investigation as to the fire on the Nall premises. They testified that they thought it started in a pile of rubbish near the barn and was communicated to the barn and then to the imple-

ment shed, all of which were eventually destroyed. There is testimony to the effect that Taylor said at that time that he thought the fire on the Nall premises had been set by burning shingles blown over from his property. Cummings, who reached his house on the Taylor farm about the time the buildings caught fire, testified positively that the fire burned practically over all of the land between the Taylor premises and the ditch, and over Nall's pasture, to the barn. There is no controversy in the record that Taylor and those with him used every effort to extinguish the fire and to prevent the destruction of the property.

At the close of all the evidence appellants asked the court to instruct the jury that the evidence failed to support the allegations of either count in the declaration, and after that asked an instruction to the effect that there was no evidence to support the second count of the declaration. Both of these instructions were refused.

It is first insisted by appellants that there was no evidence in the record which justified the jury in finding that the fire on the Taylor premises was the proximate cause of the burning of appellee's property, nearly a quarter of a mile away. The rule is, that a person is held liable for all of those consequences which might have been foreseen and expected as a result of his conduct but not for those which he could not have foreseen and was therefore under no moral obligation to take into consideration. (*Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 349; *Brown* v. *Brooks,* 21 L. R. A. (Wis.) 255, and note; *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242; *McNally* v. *Colwell,* 30 Am. St. Rep. (Mich.) 494, and note; *Needham* v. *King,* 95 Mich. 303.) In *Illinois Central Railroad Co.* v. *Siler,* 229 Ill. 390, this court held that the act of a railroad company in setting fire to grass along its right of way,—which the plaintiff's intestate, using due care for her safety, attempted to suppress and prevent from setting fire to her dwelling but was burned to death by her clothes

being ignited,—was the proximate cause of said death, for which the railroad was liable. In *Houren* v. *Chicago, Milwaukee and St. Paul Railway Co.* 236 Ill. 620, it was held that the damage caused by the spreading of fire due to the inability of the fire department to reach the fire because of the blockading of a street crossing by a string of freight cars having no engine attached, was not too remote to be regarded as the proximate result of the railroad's negligence in blockading the crossing. What is the proximate cause of an injury is ordinarily a question of fact, to be determined by the jury from a consideration of all the attending circumstances. It only becomes a question of law or pleading when the facts are not only undisputed, but are also such that there can be no difference in the judgment of reasonable men in the inferences to be drawn therefrom. (*Illinois Central Railroad Co.* v. *Siler, supra; Waschow* v. *Kelly Coal Co.* 245 Ill. 516; *Fent* v. *Toledo, Peoria and Warsaw Railway Co. supra.*) On the evidence in this case the court did not err in refusing to take the case from the jury.

Appellants insist that under the ruling of this court in *Toledo, Wabash and Western Railway Co.* v. *Muthersbaugh,* 71 Ill. 572, the jury should have been instructed to find a verdict in favor of the defendants. We cannot so hold. The rules of law laid down in that case do not in any way conflict with the authorities heretofore referred to. Each case must necessarily be decided on its own special facts.

It is next urged that the court committed reversible error in not instructing the jury to find for appellants on the second count, which it is claimed was based on said paragraph 18 of the Criminal Code, the argument being that said section applies to wild, uncultivated and unenclosed lands and not to such as are involved in this cause. We do not find it necessary to consider or decide this question. While the count did not specifically allege that the

appellants were guilty of negligence which resulted in the injury, it did state facts from which the law will raise a duty and show an omission of duty on their part which resulted in the injury in question. When that is done it is unnecessary to allege that the act was negligent. (*Taylor* v. *Felsing,* 164 Ill. 331; *Illinois Steel Co.* v. *Ostrowski,* 194 id. 376.) The count was therefore good, regardless of what should be the proper construction of said section of the Criminal Code.

Appellants also criticise the rulings of the trial court as to instructions. Substantially all of these criticisms are based upon the contentions which we have already considered. These instructions, while they may not all have been technically accurate, were in substantial harmony with the views we have expressed.

We find no reversible error in the record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*