North West Cab Company for the Use of Ethel Chamberlain, Appellee, v. Central Mutual Insurance Company, Appellant.

Gen. No. 35,764.

Opinion filed April 25, 1932.   Rehearing denied May 9, 1932.

WILLIAM LEVINE, for appellant.

FINN & MILLER, for appellee; ROBERT S. COOK, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendant appeals from a judgment of $2,500 entered on the finding of the court in an action of debt on an insurance policy issued by the defendant.

August 28, 1928, Ethel Chamberlain, hereafter called plaintiff, while a passenger in a taxicab of the North West Cab Company, was injured in an accident. She brought suit, alleging that the negligence of the driver caused the accident and upon trial had a judgment against the cab company for $6,500. Alleging that this judgment was in full force and unsatisfied, she brought the present suit upon the policy of insurance issued by the defendant to the North West Cab Company, pursuant to section 42a of the Motor Vehicle Act, ch. 95a (Cahill's 1929 St.). This statute is in part as follows:

"Sec. 42a. It is unlawful for any person, firm or corporation to operate any motor vehicle along or upon any public street or highway in any incorporated city, town or village in this State, having a population of one hundred thousand or more, for the carriage of passengers for hire, indiscriminately accepting and discharging all such persons as may offer themselves for transportation, unless such person, firm or corporation has given, and there is in full force and effect and on file with the Secretary of State of Illinois, at all times during which such motor vehicle is being driven or operated, either (1) a bond, . . . or

(2) A policy of insurance in a solvent and responsible company, authorized to do business in the State of Illinois, insuring said owner of said motor vehicle against liability for any injury to or death of any person resulting from the negligence of such owner or his agent, in the operation of such motor vehicle . . . ; said policy of insurance shall provide for payment and satisfaction of any final judgment rendered against the owner of said motor vehicle for such injury or death, and shall provide that suit may be brought in any court of competent jurisdiction upon such insurance policy by the owner of any such judgment. Said insurance policy shall contain a description of each motor vehicle, giving the manufacturer's name and number and State license number. . . ."

Defendant first argues that the declaration states no cause of action in that it fails to allege (1) that the motor vehicle at the time of the accident was operated for carriage of passengers for hire in an incorporated town, city or village in Illinois having a population of 100,000 or more; and (2) in failing to allege that the judgment obtained by Ethel Chamberlain against the North West Cab Company was recovered because of injuries caused by the negligence of the owner of the vehicle.

The declaration alleged that the defendant issued its policy insuring the North West Cab Company against liability resulting from its negligence, which policy was issued pursuant to the provisions of the Motor Vehicle Law; that the taxicab in which plaintiff was injured was operated at the time of the accident under the provisions of this statute. This was a sufficient allegation, in the absence of a demurrer, that the motor vehicle at the time of the accident was operated in a city having a population of 100,000 or more.

The declaration alleges with reference to negligence that plaintiff received injuries by reason of the vehicle

of the North West Cab Company colliding with another automobile, throwing her to the floor and injuring her, for which the North West Cab Company became liable for damages. It is not necessary to allege explicitly of a defendant that it is guilty of negligence. No special form of words is required to state the negligence upon which a cause of action is based. It is enough if the facts stated are sufficient to show a failure of a defendant to perform, with a resulting injury. *Miller v. Kresge Co.,* 306 Ill. 104; *Nall v. Taylor,* 247 Ill. 580.

Even were the declaration insufficient in the particulars just mentioned, such defects could have been questioned by a demurrer. On defendant's failure to demur such defects are cured by the finding of the court. *Kelleher v. Chicago City Ry. Co.,* 256 Ill. 454, and many other cases.

The evidence sufficiently identified the taxicab which caused plaintiff's injuries as the vehicle covered by defendant's insurance policy; the policy covered a motor vehicle with the State license number 152119. A witness who was present at the time of the accident testified that the cab in which plaintiff was riding bore this same number and was the same make as the vehicle described in the policy. While witnesses on this point were cross-examined closely by defendant's counsel, it introduced no evidence tending to show that its insurance policy did not cover the vehicle in which plaintiff was injured.

It is urged that before there can be a recovery upon such a policy, issued pursuant to the statute, it must be both alleged and proven that the accident happened within the limits of a city, town or village having a population of 100,000 or more; that the policy covers only accidents which occur within such city limits. The first answer to this is that evidence was adduced tending to show that the accident happened within the city

limits of the City of Chicago. The declaration in the suit in which plaintiff obtained her judgment alleged that the cab company was a common carrier of pas-' sengers for hire in the City of Chicago, county of Cook and State of Illinois, and that she was injured through the negligent operation of the taxicab in respect to speed in the City of Chicago, Illinois; that the place of the accident was a part of the resident portion of Chicago. Charles Egan, a police officer of Chicago, testified that he was present at the scene of the accident; that it took place in the 5400 block on the North West Highway; that he took a report of the accident to the station in the City of Chicago, where it was kept on record in the accident book; it was also shown that this report is in the police records of Chicago. The court could properly infer that the accident happened in Chicago. We will take judicial notice that Chicago is an incorporated city having a population of 100,000 or more.

Does the insurance policy cover accidents which occur outside of the city limits? Defendant says it does not, citing *Bartlett v. Lanphier,* 94 Wash. 354, where, in construing the statute of that State it was held that the bond, required as a condition to carrying on the business of transporting passengers for hire in a motor propelled vehicle in any city of the first class, did not cover accidents happening beyond the city limits. However, we read the statute there considered as containing words limiting the accident covered to the confines of the city. There are no such words of limitation in our statute. Neither in the policy are there any words limiting the territorial liability of the insurance company. The policy provides: ''that the Central Mutual Insurance Company shall and will pay and satisfy all final judgments rendered against said owner for such injuries or death, and suit may be brought in any court of competent jurisdiction

upon this policy of insurance by the owner of any such judgment.'' Words limiting its territorial liability could have easily been added to the policy had the defendant so desired. The statement that it is issued pursuant to the provisions of the Motor Vehicle Law means that the insured is permitted to operate its cabs within the city limits. The policy must be construed most strongly against the company issuing it, and, in case of doubt, favorably to the assured—the public in this case.

In *Distefano v. Michiels,* 158 La. 885, the surety disclaimed liability on a bond required by statute given to secure damages resulting from accidents happening outside of an incorporated city, on the ground that the accident occurred within the city (the converse of the instant case). The surety was held liable as there was nothing to indicate that the bond should not indemnify a person injured if the accident did not happen outside of a city, town or village. In *Devlin v. Herr,* 98 N. J. L. 324, where the vehicle in question was operated under a policy which stated that the insured proposed to operate ''in Port Newark,'' whereas the accident happened somewhat apart from that locality, it was argued that as soon as the vehicle was operated outside of the locality of ''Port Newark'' the insurance policy ceased to be of any benefit to the traveling public. This contention was held to be without merit as disregarding the terms of the policy to the effect that it did not cover loss when the accident occurred outside the State of New Jersey. This was construed to mean that the policy covered any accident within the State. In *Connell v. Commonwealth Casualty Co.,* 96 N. J. L. 510, the insurance policy covered a public motor vehicle giving service in three specified towns in New Jersey, ''and vicinity.'' The accident happened in Newark, not named in the policy. It was held that the policy covered the accident.

Having in mind the purpose of the statute, which is to protect the passenger public, we hold that even if the accident in question happened outside the limits of the City of Chicago, defendant is liable on its policy.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.