## Chicago Railways Company, Appellee, v. R. F. Conway Company, Appellant.

## Gen. No. 25,169.

1. CONTRIBUTION, § 1*—*when joint tort-feasor is entitled to contribution.* In an action for indemnity by one tort-feasor against another where it appeared that plaintiff, a street car company, was by agreement with the city required to make repair between its tracks and having obtained a permit to do so employed defendant contractor to do the work, giving him complete charge, the street car company and the contractor are not *in pari delicto* as to a person injured by running into an unprotected excavation made by the contractor in the prosecution of his work, the street car company being only technically liable and the contractor the real party at fault.

2. CONTRIBUTION, § 1*—*what is effect of tort malum prohibitum as to right of contribution.* Where the offense of joint tort-feasors is merely *malum prohibitum,* and does not involve moral delin-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

quency or turpitude, the law will inquire into the relative delinquency of the parties and administer justice between them, although both parties are wrongdoers.

3. CONTRIBUTION, § 1*—*when right will be denied.* It is a general and long-established rule of law that neither contribution nor indemnity will be given to one of several joint tort-feasors against the others, but this rule is only applied to cases of intentional or conscious wrongdoing.

4. CONTRIBUTION, § 1*—*what is effect of violation of ordinance as to right to contribution.* In an action over to indemnify one of two joint tort-feasors in a personal injury accident, the defendant who satisfied the judgment is not precluded from maintaining an action for indemnity against his codefendant, where it appears that the plaintiff in the action to indemnify had, in the personal injury action, been charged and found guilty of the violation of an ordinance.

5. CONTRIBUTION, § 2*—*when judgment is not res adjudicata.* In an action over to indemnify one of two joint tort-feasors in a personal injury action, the judgment in the personal injury case is not *res adjudicata* where the record in the said case shows that the primary cause of the plaintiff's injuries was the negligence of one of the defendants and that the other defendant was only technically guilty.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATJ. Judge, presiding. Heard in the Branch Appellate Court at the Ma. h term, 1919. Affirmed. Opinion filed October 6, 1920.

EDMUND S. CUMMINGS, for appellant.

FRANK L. KRIETE and WILLIAM H. SYMMES, for appellee; J. R. GUILLIAMS and C. L. MAHONY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Chicago Railways Company brought this action against the R. F. Conway Company to recover the amount of a judgment and costs which judgment was rendered against both plaintiff and defendant in a suit for personal injuries brought by one Zientek.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff having been compelled to pay the judgment in the personal injury case brings this action over for indemnity.

The case was tried without a jury and there was a finding and judgment in plaintiff's favor for the amount of its claim, viz., $1,930.30, to reverse which defendant prosecutes this appeal.

The record discloses that plaintiff owns and operates a street car system in Chicago and that defendant is engaged in the paving business; that plaintiff under its agreement with the City of Chicago was required to make certain repairs in Ogden avenue and that it employed defendant to do the work; that in the prosecution of the work defendant removed a portion of the pavement of the street near the track and while the work was in progress Zientek, a motorcycle policeman, was riding his motorcycle in or across Ogden avenue in the nighttime and ran into the excavation and was injured. He afterwards brought suit against plaintiff and defendant here to recover for the injuries suffered and after the trial there was a verdict and judgment in his favor against both defendants. An execution was issued in that case and a demand made by the sheriff upon plaintiff for payment and it was compelled to and did pay the judgment. In the instant case plaintiff claims that it was only technically guilty of negligence in the *Zientek* case and that the party really at fault was the defendant. On the other hand, defendant's position is that since in the personal injury case plaintiff was charged with the violation of a city ordinance which provided that every person engaged in digging in any street should, where the work was dangerous, erect a fence or railing at such excavation and maintain suitable lights during the nighttime so as to prevent danger to persons traveling the streets, and since plaintiff was found guilty of that charge, this conclusively established the fact that it was more than technically guilty

in that case—that the judgment in that case is *res judicata* of that fact and, therefore, plaintiff and defendant were joint tort-feasors, in which case an action for indemnity will not lie.

It is a general and long-established rule of law that neither contribution nor indemnity will be given to one of several joint tort-feasors against the others. This rule is only applied to cases of intentional or conscious wrongdoing. *Wanack v. Michels,* 215 Ill. 87. But this rule is qualified as stated by the Supreme Court of Massachusetts in the case of *Lowell v. Boston & L. R. Corporation,* 23 Pick. 24, and which is quoted with approval by the Supreme Court of the United States in the case of *Washington Gas Light Co. v. District of Columbia,* 161 U. S. 316: "Our law, however, does not in every case disallow an action, by one wrongdoer against another, to recover damages incurred in consequence of their joint offense. The rule is, *in pari delicto potior est conditio defendentis.* If the parties are not equally criminal, the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense. In respect to offenses, in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offense is merely *malum prohibitum,* and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties and to administer justice between them, although both parties are wrongdoers."

And while it seems to be conceded by both parties that this is a correct statement of the law, they arrive at opposite conclusions in applying it to the instant case. Defendant argues not only that the judgment in the personal injury case is *res judicata* as before stated, but that as a matter of fact plaintiff here was more guilty in the personal injury case than the de-

fendant. The record made in the personal injury case is in evidence here and it appears that a permit to do the work was issued to the plaintiff by the city and that after this permit was obtained the defendant Conway Company was employed to do the work and was in complete charge of it; that in the prosecution of the work defendant cut and removed some of the asphalt alongside of the track and "went down three or four inches"; that this excavation or ditch was temporarily filled up when the men quit work in the afternoon. There was further evidence introduced that employees of the Conway Company put up red lights at the place in question to warn people of the danger in the street. From this it clearly appears that in the personal injury case the Conway Company itself took the position that it was its duty to see that the opening in the street was properly guarded and protected. Of course, there was evidence also that no lights were put up and that the ditch or excavation was not filled and as a result Zientek was injured. These questions, however, were finally determined in the personal injury case in favor of the plaintiff there, and it is clear, therefore, that the negligence or fault was solely that of the Conway Company. Of course, the plaintiff Railways Company was technically guilty and liable to the policeman and for that reason the judgment went against it as well as the Conway Company. We think it clear, therefore, that plaintiff and defendant here were not *in pari delicto* in the personal injury suit and defendant being guilty of the greater wrong, the plaintiff having paid the judgment is entitled to indemnity.

To the contention made by defendant that because in the personal injury case plaintiff was charged with the violation of an ordinance and found guilty of such charge, and, therefore, that judgment is *res judicata* and plaintiff is such a tort-feasor as cannot maintain an action for indemnity, it may be said that in a case

of negligence where there is more than one defendant and a recovery is had against all, such defendants are always found guilty of the violation of some provision of either common law, statute or ordinance applying to the particular case, and, of course, this fact does not preclude one of such defendants in a proper case from maintaining an action for indemnity against his codefendants. The judgment in the personal injury case was not *res judicata,* since upon an examination of the entire record in that case it clearly appears that the primary cause of the policeman's injuries was the negligence of the Conway Company and that the Railways Company was only technically guilty. The parties not being *in pari delicto,* defendant here being the principal offender is liable over to plaintiff.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J., concur.