James L. Bohannon, Respondent, v. Joseph T. Ryerson and Son, Inc., and Universal Fabricated Products Company, Inc., Petitioners.
Joseph T. Ryerson and Son, Inc., Third-Party Plaintiff-Appellant, v. Industrial Maintenance, Inc., Third-Party Defendant-Appellee.
Universal Fabricated Products Company, Inc., Third-Party Plaintiff-Appellant, v. Industrial Maintenance, Inc., Third-Party Defendant-Appellee.

Gen. Nos. 47,101, 47,102.

First District, Second Division.

January 7, 1958.

Released for publication April 2, 1958.

Albert M. Howard, of Chicago (Charles D. Snewind, of counsel) for Joseph T. Ryerson and Son, Inc., Petitioner-Appellant; John J. Sullivan, and Gerald M. Chapman, of Chicago, for Third Party plaintiff-separate appellant.

Andrew J. Farrell (Thomas J. Weithers, of counsel) for Industrial Maintenance, Inc., Third Party defendant-appellee.

The court adopts the following opinion, written by JUSTICE FEINBERG, as the opinion of the court.

Plaintiff brought this action against Charles P. Lind and the corporate defendants, Industrial Maintenance, Inc., Joseph T. Ryerson and Son, Inc., and Universal Fabricated Products Co., Inc., to whom we shall refer as Industrial, Ryerson and Universal, respectively. Before trial, the court dismissed the action against Lind and Industrial upon their motion, on the ground that plaintiff was confined to the remedies against them under the Workmen's Compensation Act.

Upon the trial of the cause there was a not guilty verdict as to Ryerson and Universal. Plaintiff's motion for a new trial as to Ryerson and Universal was sustained and a new trial ordered as to them. From the order granting the new trial, Ryerson and Universal filed separate petitions for leave to appeal, which we denied.

Plaintiff's complaint, as amended, in substance charged that defendants, under arrangement between them, were engaged in altering, improving and constructing an installation in the interior of the warehouse owned by Ryerson; that the defendants carelessly and negligently operated, managed, maintained and controlled said building, proximately causing plaintiff's injury; carelessly and negligently used and allowed to be used steel mesh material which was defective, dangerous and unsafe when used for the purpose for which it was intended; and carelessly and negligently designed and constructed the insulation in the building in a dangerous and defective condition, and that the building was altered and improved contrary to and in violation of Chapter 48, sections 60 to

403

69 of the Illinois Revised Statutes, which is the Scaffolding Act. At the close of all the evidence the court struck all reference to the sections of the Scaffolding Act except sections 60 and 69.

Ryerson filed a third party action against Industrial and Universal, alleging that it entered into a contract with Universal to do certain installation work on the building in question; that the work done pursuant thereto was not under the control or supervision of Ryerson; that Universal was an independent contractor in respect to the entire and completed work to be performed; that Universal sublet a portion of the work to be performed to Industrial, and that Bohannon was an employee of Industrial; that Ryerson had no control over the materials used or the scaffolding or ladders, if any, employed; that the same were the complete or full responsibility of Industrial; that the acts of negligence alleged in Bohannon's complaint were committed by the third party defendants and not Ryerson; and that if judgment is entered in favor of Bohannon against Ryerson, that it be given judgment against them for the amount of said judgment together with attorneys' fees and money expended in the defense of Bohannon's action.

Universal filed a third party complaint against Industrial and Ryerson, alleging in substance that it was engaged in the business of manufacturing and selling certain insulating materials and was not engaged in business as a contractor in connection with the erection, construction, repairing or alteration of any building or structure; that it and Ryerson negotiated with Industrial, resulting in an agreement of Industrial to install certain insulating materials in the premises in question, and that said Industrial made the installation; that Universal had neither direction nor control over the manner or means of installing the insulating materials and had no control or supervision over the

employees of Industrial, including Bohannon, as to the manner in which the work was to be performed; that Ryerson agreed to and did furnish all of the steel mesh material used in the process of the installation of the insulating materials; and that the negligence alleged in Bohannon's complaint was not the negligence of Universal or its employees but that of Ryerson and Industrial.

These third party actions and the original action by Bohannon were consolidated for trial. A verdict of not guilty was directed by the court as to Industrial in the third party actions by Ryerson and Universal. Ryerson and Universal separately appealed from the order directing a verdict of not guilty in the third party actions and the judgments entered thereon. These appeals have been here consolidated for hearing.

The evidence discloses that in January, 1953, Ryerson desired to have erected a false ceiling in its warehouse for the purpose of reducing the "cube" of the building and lessening the cost of heating the warehouse, as well as to keep it cool in the summer. The warehouse was two blocks long from north to south, and about 550 feet wide from east to west. Ryerson negotiated with Universal for the purchase of insulation fabrication manufactured and sold by the latter. Universal contacted Industrial to do the installation work at a fixed rate, and Ryerson knew that Industrial was going to do the work. It was decided to proceed with an experimental installation for only a portion of the warehouse.

It further appears that Ryerson, Universal and Industrial met to discuss the ways and means of accomplishing Ryerson's purpose. Universal and Ryerson conferred as to how the installation was to be made and agreed upon the plan of installation. Ryerson furnished all the metal material for the job with the exception of hog rings. The wire mesh furnished by

405

Ryerson was in rolls 5 feet wide and approximately 150 feet long. The fabric had to be cut to fit the specific bays, which made it necessary to splice some of the remnants to fit other spans. Hog rings or pen rings were used to fasten the remnants together. Ryerson and Universal determined that splicing would be necessary to minimize the waste of wire. The hog or pen rings used for the splicing were furnished by Universal. Ryerson's representative made inspections to make certain that the wire mesh was drawn tight across. J-bolts furnished by Ryerson were used to tighten the wire mesh.

Plaintiff was standing on top of some wire mesh, which was on top of a strut, and after the splicing, the mesh in some manner broke, and caused plaintiff to be thrown to the floor below. There was some evidence that some of the hog rings were broken open. The work was done by employees of Industrial, and plaintiff Bohannon took part in the stretching or tightening of the mesh. The plan for stretching or drawing the wire mesh tight across the struts was that of Universal and Ryerson.

The conflicting claims of negligence made by Ryerson in its third party action against Industrial and Universal and that made by Universal in its third party action against Ryerson and Industrial poses the following questions. If Bohannon should recover a verdict and judgment against Ryerson and Universal based on their combined negligence, can Ryerson and Universal, being active joint tort feasors, recover from each other or Industrial the amount they are required to pay Bohannon in his action? In other words, are they entitled to contribution from each other if each of them is shown to be an active tort feasor? Ryerson and Universal, being corporate entities, of necessity must be considered active joint tort feasors, since they

can only act through their servants and agents, and if their servants and agents are guilty of the negligence charged, it is the active negligence of the corporate principals.

In Skala v. Lehon, 343 Ill. 602, 605, it was stated: "It is true, as a general rule, that the right of contribution does not exist as between joint tort feasors where there is concerted action in the commission of the wrong. Where, however, there is no concerted action the rule does not apply, as the parties in such case are not in *pari delicto* as to each other . . . ."

This court, in Pennsylvania Co. v. Roberts & Schaefer Co., 250 Ill. App. 330, 335, quoted with approval from Union Stock Yards Co. v. Chicago, B. & Q. R. Co., 196 U. S. 217, wherein it was said:

"When two parties, acting together, commit an illegal or wrongful act, the party who is held responsible . . . for the act cannot have indemnity or contribution from the other, because both are equally culpable or *particeps criminis,* and the damage results from their joint offense. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such case the parties are not in *pari delicto* as to each other, though, as to third persons, either may be held liable."

See also Chicago Rys. Co. v. R. F. Conway Co., 219 Ill. App. 220.

If Bohannon should fail on the retrial to prove the negligence charged against Ryerson or Universal, then there is no cause of action by the latter against each other for contribution. In either event it seems clear to us that the third party actions of Ryerson and Universal must fail, and the court was correct in directing

the verdicts of not guilty. The judgments in the third party actions are affirmed.

Affirmed.

KILEY, P. J. and LEWE, J.

MURPHY, J., took no part.