Fkoessel, J.
In this negligence action by a stevedore against Boland & Cornelius (hereinafter called Boland), the operator of the ship upon which he was working when injured, the third-party complaint of Boland against the stevedore’s employer, Pittston Stevedoring Corporation (hereinafter called Pittston), was dismissed by the courts below. We think this was error. Special Term looked to the main complaint, found that it charged Boland with active negligence and decided that Boland and Pittston must be regarded as joint tort-feasors in pari delicto. We note that among the many acts of negligence alleged are some which, if proven at the trial, would make Boland guilty of nothing more than passive negligence. This, however, as will presently appear, is not the basis for our reversal.
We are here involved in the area of maritime law in which Federal law is controlling (McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 323-324, and cases cited therein). It is urged by the third-party defendant that under Federal statute and case law it is immune from liability to the ship operator in the absence of a contractual undertaking to indemnify. Section 5 of the Longshoremen’s and Harbor Workers’ Compensation Act (U. S. Code, tit. 33, § 905) provides that the liability of an employer “ shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from such employer at law or in admirality on account of such injury ” (emphasis supplied). The question is whether recovery over by a shipowner against the injured stevedore’s employer based upon common-law indemnity is “ on account of such injury ”.
In the McFall case (supra) we said (pp. 331-332) that it was not on account of the injury, pointing out that the Federal rule did not seem to be different from our construction of identical *422 language in the New York statute (Workmen’s Compensation Law, § 11). The shipowner in seeking recovery, we stated, “ is not suing for the damage sustained by the employee but asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the employer as indemnitor. (Westchester Lighting Co. v. Westchester Co. Small Estates Corp., 278 N.Y. 175.) ” (Emphasis supplied.) This rule avoids the somewhat unjust result of immunizing an actively negligent employer from tort recovery and enabling him to enforce his compensation lien against such recovery, often at the expense of a passively negligent third party (see Weinstock, The Employer’s Duty to Indemnify Shipowners for Damages Recovered by Harbor Workers, 103 U. of Pa. L. Rev. 321, 322; Note, 66 Yale L. J. 581, 582-583).
Since McFall Avas decided in 1952, however, certain Federal cases have formulated a different rule, distinguishing between an independent contractual assumption of indemnity by the employer (and thus a voluntary waiver of the limited liability afforded employers under § 5 of the act) and a quasi-contractual (McFall type, active-passive) theory of indemnity. In the latter situation recovery over is considered to be “ on account of ’’ the injury and is thus held to be precluded by section 5 (Brown v. American-Hawaiian S. S. Co., 211 F. 2d 16, 18; Crawford v. Pope & Talbot, 206 F. 2d 784, 792; see Weinstock, op. cit., p. 342; see, also, Slattery v. Marra Bros., 186 F. 2d 134, 139, cert, denied 341 U. S. 915; contra, States S. S. Co. v. Rothschild, Int. Stevedoring Co., 205 F. 2d 253, 256).
While the Supreme Court has thus far not expressly adopted the above rule, it has Avritten three significant decisions on the subject- to which we uoav look for guidance. In Ryan Co. v. Pan-Atlantic Corp. (350 U. S. 124 — see 349 U. S. 901, affirmance by an equally divided court), a bare majority of five Justices held that section 5 did not preclude a shipowner from obtaining indemnity based upon the stevedoring contractor’s “ breach of its purely consensual obligation owing to the shipowner to stoAV the cargo in a reasonably safe manner ” (pp. 131-132). This obligation was implied from the contractor’s agreement to perform the work. Although the circuit court opinion (211 F. 2d 277) had used the language, if not the theory of quasi-contract, the majority of the Supreme Court took pains to point out *423 (p. 133) that “ This obligation is not a quasi-contractual obligation implied in law or arising out of a noncontractual relationship ”. The four dissenting Justices refused to impose liability on the employer in the absence of an express contract of indemnity, aside from the absence of any contract whatever. The dissent stated (p.-142): “ Plainly, common-law indemnity should not be used to fasten such a liability on a stevedoring company. I suppose it is for this reason that the Court purports to find an actual contract to indemnify and thus decides the case on an issue neither presented in the complaint nor considered by the trial court.” (Emphasis supplied.)
Had the majority remained silent as to the quasi-contract theory of indemnity, we would have had no difficulty whatever in reading the decision as an implicit rejection of such theory. It stated in a footnote (p. 132, n. 6), however, that it did “ not reach the issue of the exclusionary effect of the Compensation Act upon a right of action of a shipowner under comparable circumstances without reliance upon an indemnity or service agreement of a stevedoring contractor.’’ (Citing, among others, the Brown, Rothschild, Slattery and McFall cases, supra, and the Weinstock article.)
Although this footnote possibly left room for argument that there was still some life to the quasi-contract theory in maritime indemnity, it would be precarious for a State court to rely upon such a possibility in interpreting Federal law, particularly when the whole thrust of the opinion imports a rejection of that theory. Indeed, in a decision soon after Ryan, the Ninth Circuit Court of Appeals—which had authored the Rothschild opinion (supra) based upon quasi-contract — stated that since the question was “ left open ” in Ryan, “ we prefer not to rest our decision upon this ground” (American President Lines v. Marine Terminals Corp., 234 F. 2d 753, 757, cert. denied 352 U. S. 926; cf., however, Parenzan v. Iino Kaiun Kabushiki Kaisya, 251 F. 2d 928, cert, denied 356 U. S. 939, decided alternatively on the contract theory of indemnity).
In the second Supreme Court case, Weyerhaeuser S.S. Co. v. Nacirema Co. (355 U. S. 563), we think the question 11 left open ” in Ryan was necessarily decided. While agreeing with the circuit court dissent that the shipowner was entitled to a trial on its claim of indemnity, the unanimous opinion of the court *424 implicitly disapproved the dissenting Judge’s rationale, stating (p. 569): “ In view of the new trial to which petitioner is entitled, we believe sound judicial administration requires us to point out that in the area of contractual indemnity an application of the theories of ‘ active ’ or ‘ passive ’ as well as 1 primary ’ or ‘ secondary ’ negligence is inappropriate [citing Ryan].”
Although this statement may be taken by some as merely a rejection of the active-passive test in determining the breach of a contractual duty (see Weinstock, op. cit., p. 343), we think it goes further than that. Since the claim of indemnity rested at least partly upon quasi-contract (see 355 U. S. 565) the court would surely have permitted the shipowner to try out this theory as well, if it were available. We can only conclude that it was not. It is, of course, for this reason that in the instant case we must necessarily determine the sufficiency of each of the two alternative theories of indemnity—contract and quasi-contract.
The final and most recent case is Crumady v. The J. H. Fisser (358 U. S. 423). There, the District Court had found the ship unseaworthy and thus liable to the plaintiff, but, since the negligence of the stevedores was the 11 sole active or primary cause ’ ’ of the unseaworthiness, the ship was granted liability over (142 F. Supp. 389, 401-402). The court expressly disclaimed the existence of any contract between the shipowner and the stevedoring contractor. The circuit court reversed, finding no liability on the part of the ship in the first instance (249 F. 2d 818). In a six to three decision (the four dissenters in Ryan now in the majority) the court reversed and reinstated the District Court judgment, rejecting at the same time that court’s reasoning.
The court held that the case came within Ryan, despite the fact that the service agreement did not run between the shipowner and the stevedoring contractor, as in Ryan, but between the latter and the charterer of the ship. The contract mentioned the name of the ship and contained an agreement by the contractor ‘ ‘ to faithfully furnish such stevedoring services ”. The court concluded (358 U. S. 423, 428): “We think this case is governed by the principle announced in the Ryan case. The warranty which a stevedore owes when he goes aboard a vessel to perform services is plainly for the benefit of the vessel whether the vessel’s owners are parties to the contract or not. That is enough to *425 bring the vessel into the zone of modern law that recognizes rights in third-party beneficiaries.” (Emphasis supplied.)
If it were not certain after By an and Weyerhaeuser that the Supreme Court had ruled out the quasi-contract theory in maritime indemnity, it surely must be so after Grumady and the lengths to which the court felt necessary to go to find a contractual relationship between the parties.
With this background in mind, we have no difficulty in concluding here that the third-party complaint is sufficient in law and that Boland is entitled to a trial on its claim of indemnity against Pittston. We base this not upon the fact that Boland may be found only passively negligent—for we think such a theory is foreclosed—but upon the fact that Boland pleads the existence of a contract with and a warranty by Pittston to perform its engagement to load the ship in a safe and seamanlike manner. Whether Boland can prove facts sufficient to bring it within the “ contract ” theory spelled out in Grumady is not to be decided on a motion such as this. Nor can we now decide whether, assuming the existence of some form of contractual indemnity, Boland will be entitled to recovery over. This will depend upon proof of facts constituting a breach of Pittston’s warranty under the principles enunciated in the three Supreme Court cases discussed above. The allegations of the main complaint are such that we may not now say that such a breach may not be made out.
The judgment appealed from should be reversed, with costs, and the third-party complaint reinstated.