Vincent Moroni, Plaintiff, v. Intrusion-Prepakt, Incorporated, and Gulf, Mobile & Ohio Railroad Company, Defendants.
Gulf, Mobile & Ohio Railroad Company, Counterclaimant-Appellant, v. Intrusion-Prepakt, Incorporated, Counterdefendant-Appellee.

**Gen. No. 47,905.**

First District, First Division.

February 29, 1960.

Released for publication March 29, 1960.

Winston, Strawn, Smith, and Patterson, of Chicago (Gerard E. Grashorn and Edward J. Wendrow, of counsel) for counterclaimant-appellant.

Albert M. Howard, of Chicago (C. D. Snewind, of counsel) for counterdefendant-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order dismissing a counterclaim (or third party complaint). Plaintiff brought this suit against Intrusion-Prepakt, Incorporated (hereinafter called Intrusion) and Gulf, Mobile & Ohio Railroad Company (hereinafter called G. M. & O.). The complaint is in two counts. In Count I, plaintiff sought to recover against Intrusion, as employer, under the Scaffold Act for injuries sustained when he fell from a scaffold used in the course of construction work on the property of G. M. & O. In Count II, he sought to recover under the same act against G. M. & O., as the owner of the property at which the

scaffold was being used. G. M. & O. filed an answer and counterclaim against Intrusion, based on the ground that Intrusion had contracted to do the construction work and pursuant thereto had erected and maintained the scaffold, and therefore G. M. & O. was entitled to judgment for any sum plaintiff might be awarded against it. Intrusion filed a motion to dismiss the plaintiff's complaint on the ground that the Workmen's Compensation Act precluded plaintiff's recovery against Intrusion. It also filed a motion to dismiss the counterclaim of G. M. & O. Both motions were allowed. Plaintiff's claim against Intrusion was dismissed and G. M. & O.'s counterclaim against Intrusion was likewise dismissed. A proper order being entered, G. M. & O. thereupon took this appeal.

■ The rule against indemnity between tortfeasors does not apply between parties, one of whom is the active and primary wrongdoer and the other bears a passive relationship to the cause of the injury. John Griffiths & Son Co. v. National Fireproofing Co., 310 Ill. 331, 141 N. E. 739 (1923); Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill. App. 148, 98 N.E.2d 783 (1951); Dart Transit Co., Inc. v. Wiggins, 1 Ill.App.2d 126, 117 N.E.2d 314 (1953); Palmer House Co. v. Otto, 347 Ill. App. 198, 106 N.E.2d 753 (1952); Blair v. Cleveland Twist Drill Co., 197 F.2d 842 (7th Cir. 1952); Pennsylvania Co. v. Roberts & Schaefer Co., 244 Ill. App. 646 (memorandum decision), 250 Ill. App. 330 (1928); Chicago Rys. Co. v. R. F. Conway Co., 219 Ill. App. 220 (1920). From the foregoing authorities we think the principle stated is now the well settled law of this state. It was thus stated in John Griffiths & Son Co. v. National Fireproofing Co., supra, p. 339:

"The . . . general principle is announced, however, in many cases, that where one does the act which produces the injury and the other does not join in the act

537

but is thereby exposed to liability and suffers damage the latter may recover against the principle delinquent, and the law will inquire into the real delinquency and place the ultimate liability upon him whose fault was the primary cause of the injury," citing Lowell v. Boston and Lowell Railroad Corp., 23 Pick. 24; Gray v. Boston Gaslight Co., 114 Mass. 149; Washington Gaslight Co. v. District of Columbia, 161 U. S. 316; Union Stock Yards Co. v. Chicago, Burlington and Quincy Railroad Co., 196 U. S. 222.

For a review of the decisions and the history of the principle, we refer to the opinion rendered by this court in Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., supra.

█ The principle of no contribution and no indemnity between all joint tort-feasors is more a rule of ethics than a principle of law. The law simply closed its door to the inter se disputes of those whom it considered to be bad men. This originated at a time when torts were in the main such wrongs as slander, libel, and assault and battery. Today, torts are mainly the incidents of industry and transportation. To continue to apply the rule to such cases as that before us would make the law no jealous mistress, but a squeamish damsel, refusing to have anything to do with a couple of respectable suitors because her grandfather once told her they were joint tort-feasors.

█ But, it is argued by Intrusion, the duty incumbent on defendants in the instant case is derived from the statute and is the same as to each. It is true that the duty of both is derived from the statute, but the duty of each is independent of the duty of the other. The liability stems from the act, but the duties as between G. M. & O. and Intrusion are not the same. When G. M. & O. made its contract for the work, Intrusion became the one primarily charged with the duty of looking after the scaffold. G. M. & O. might not

538

escape statutory liability under the Scaffolding Act, Ill. Rev. Stat., ch. 48, sec. 60 (1959), as interpreted in Kennerly v. Shell Oil Co., 13 Ill.2d 431, 150 N.E.2d 134 (1958), but nothing in the act requires it to waive the right to hold the contractor liable under the general principle set forth in the Griffiths and Gulf, M. & O. R. Co. v. Dixon cases, supra.

Much reliance is placed by Intrusion on the case of Bohannon v. Joseph T. Ryerson & Son, Inc., 16 Ill. App.2d 402, 148 N.E.2d 602 (1958). That case is distinguishable because there the court held that both the counterclaimant and the counterdefendant were *active* joint tort-feasors. If it were not so distinguishable, it would run into direct conflict with the Griffiths and Gulf, M. & O. R. Co. v. Dixon cases, supra, and other cases before cited.

G. M. & O. also contends that in addition to the basis of recovery hereinbefore discussed, there was an implied obligation by Intrusion to perform its contract in a reasonably safe manner, and that it has breached this implied obligation. Such an implied obligation has been recognized in Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U. S. 124 (1956); Weyerhaeuser S. S. Co. v. Nacirema Operating Co., 355 U. S. 563 (1958); Crumady v. The Joachim Hendrick Fisser, 358 U. S. 423 (1959); Merriweather v. Boland & Cornelius, 6 N.Y.2d 417, 160 N.E.2d 717 (1959); McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., 323 S.W.2d 788 (Mo. 1959).

In each of the cases before cited there was recognized an implied obligation to perform the work with reasonable care, the breach of which enabled the counterclaimant to recover upon the theory of indemnity. Actions for indemnity, in the absence of express contractual indemnification obligations, have also been recognized in Illinois, although the decisions do not spell out the implied obligation to perform work in a

reasonably careful manner with the same particularity as in the cases before cited. See Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill. App. 148, 98 N.E.2d 783 (1951); Pennsylvania Co. v. Roberts & Schaefer Co., 244 Ill. App. 646 (1927) (memorandum decision), 250 Ill. App. 330 (1928); Chicago Rys. Co. v. R. F. Conway Co., 219 Ill. App. 220 (1920).

■ ■ Intrusion maintains that the pleadings fail to set up a cause of action under the theory of implied indemnity because the contract was not set forth in the pleadings. Well pleaded facts must, for the purpose of testing the sufficiency of pleadings, be accepted as true. Cook-Master, Inc. v. Nicro Steel Products, Inc., 339 Ill. App. 519, 90 N.E.2d 657 (1950). G. M. & O.'s counterclaim alleged the existence of a contract for construction under which Intrusion agreed to perform the work, which included the use of scaffolds. It was not necessary to set forth the contract *in haec verba,* nor to attach it as an exhibit. It is not upon the actual terms of the contract that G. M. & O. must succeed, but under a term that must be implied merely from its existence; namely, that when work is contracted to be performed, it must be performed with reasonable care. The court should have considered therefore that a contract did exist under this state of the pleadings, requiring Intrusion to perform the work with reasonable care.

■ ■ Intrusion argues next that nothing in the counterclaim suggests an indemnification agreement between the parties. Section 38(3) of our Civil Practice Act provides that counterclaims must be pleaded in the same manner and with the same particularly as a complaint. Ill. Rev. Stat., ch. 110, sec. 38(3) (1959). Section 42(2) of that act states the rule that no pleading is bad in substance which contains information reasonably informing the other party of the

nature of the claim. Courts are to construe pleadings liberally with a view to doing substantial justice between the parties, under section 33(3) of the act. In deciding whether facts have been sufficiently stated to allege a cause of action, courts look to the plain and fair intendment of plaintiff's or counterclaimant's language and will consider facts which may reasonably be implied from such language. Annerino v. Dell Publishing Co., 17 Ill.App.2d 205, 149 N.E.2d 761 (1958).

The counterclaim sets forth the facts of the principal-contractor relationship between G. M. & O. and Intrusion. It alleges that Intrusion erected, maintained and used a scaffold in connection with its work; that it was Intrusion's duty to provide Moroni with a safe place to work and adequate scaffolding; that it breached this duty, resulting in Moroni's injury; that Intrusion is liable to G. M. & O. for any sum which the latter may have to pay Moroni, who has sued G. M. & O. for damages resulting from his injury. Nowhere is the word "indemnity" used, but it is clear that G. M. & O. seeks to be made whole on any judgment recovered by Moroni because of Intrusion's failure to provide Moroni with adequate scaffolding and a safe place to work.

■ ■ Intrusion contends that the counterclaim makes no allegation of negligence on its part upon which it could be found liable for indemnity under any theory. No explicit charge of negligence need be made, but it is sufficient if the facts stated are such as to raise a duty and show failure to perform. Miller v. S. S. Kresge Co., 306 Ill. 104, 137 N. E. 385 (1922); Petersen v. City of Gibson, 322 Ill. App. 97, 54 N.E.2d 79 (1944); North West Cab Co. for Use of Chamberlain v. Central Mut. Ins. Co., 266 Ill. App. 192 (1932). The facts alleged in the counterclaim adequately meet this test.

541

Intrusion maintains that even if the agreement contained an express indemnity clause relieving G. M. & O. from its own negligence, Intrusion would have had to assume this responsibility by clear and express stipulations in the contract, relying upon George Sollitt Construction Co. v. Gateway Erectors, Inc., 260 F.2d 165 (7th Cir. 1958); Russell for Use of Continental Casualty Co. v. Shell Oil Co., 339 Ill. App. 168, 89 N.E.2d 415 (1949); and Northern States Co. v. A. Finkl & Sons Co., 8 Ill.App.2d 419, 132 N.E.2d 59 (1956). In the Sollitt and Northern States cases, supra, the owners negligently created the conditions, and their agents committed the acts of negligence resulting in damages for which they sought indemnity. The Russell case, supra, involved the question of whether the accident for which damages and indemnity were claimed could have been considered as resulting from or arising in connection with any of the indemnitors' operations. For the reasons hereinbefore given, we think the G. M. & O. was entitled to indemnification under the contract, even though there was no express provision to that effect.

Intrusion's motion to dismiss the counterclaim also makes the point that it has completely discharged its liability to plaintiff under the Workmen's Compensation Act; that such compensation is a measure of its full liability, and that it cannot be subjected to any additional liability to G. M. & O. or any one else because of the injuries sustained by plaintiff. The sections of the act involved are 5(a) and 11, Ill. Rev. Stat., ch. 48, secs. 138.5(a) and 138.11 (1959). Section 5(a) provides, in substance, that no action to recover damages for injuries sustained by an employee other than the compensation provided shall be available to any employee or "to any one wholly or partially dependent upon him, legal representatives of his estate, or any one else entitled to recover damages for such

injury." Section 11 provides that such compensation shall be the measure of the responsibility of any such employer. Intrusion maintains that plaintiff's claim against it having been satisfied, no one can now recover anything more from Intrusion.

█ Both parties agree that the precise situation here presented is one of first impression in Illinois, but there is considerable authority in other jurisdictions. We have studied those cases and we are convinced that the Workmen's Compensation Act did not abolish the right of a third party to be indemnified under the principle announced in Griffiths & Son Co. v. Fireproofing Co., supra, and the other cases heretofore cited. The principal cases to support this view are Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N. Y. 175, 15 N.E.2d 567 (1938); Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355 (1954); McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., 323 S.W.2d 788 (Mo., 1959); American Dist. Tel. Co. v. Kittleson, 179 F.2d 946 (8th Cir. 1950); Rich v. United States, 177 F.2d 688 (2nd Cir. 1949); Burris v. American Chicle Co., 120 F.2d 218 (2nd Cir. 1941); Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633 (1944). The theory upon which this conclusion is reached is stated in Westchester Lighting Co. v. Westchester County Small Estates Corp., supra, as follows at pp. 568–69:

"Plaintiff does not sue for damages 'on account of' Haviland's death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant.

". . . .

". . . .

"It may be admitted that if the defendant is held to answer to the plaintiff in this action the result . . . is that an employer is made liable indirectly in an amount which could not be recovered directly. This

543

consequence, we think, does not decide the issue against the plaintiff. Recovery over against the employer in an unusual case like this need not be rested upon any theory of subrogation. An independent duty or obligation owed by the employer to the third party is a sufficient basis for the action."

The intention of the legislature when it included the blanket clause of exemption from liability is indicated by the words used in Section 5 abolishing any common law or statutory right to recover for such injuries "to any one wholly or partially dependent upon him [the injured man], the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." It appears to us that this limitation indicates that the legislature had in mind those who might attempt to recover through some relationship with the injured party, and not any one such as the counterclaimant in the instant case, who seeks to recover on a duty separate and apart from that owing to the injured employee.

The point is made by G. M. & O. that if we were to construe the Workmen's Compensation Act otherwise, it would be unconstitutional. Having held as we do, there is no occasion for us to pass upon that question.

The judgment is reversed and the cause is remanded with directions to overrule Intrusion's motion to dismiss the counterclaim of G. M. & O., and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McCORMICK, J., concur.