Casimir Blaszak, Plaintiff-Appellee, v. Union Tank Car Company, Defendant-Third Party Plaintiff-Appellant, v. Shell Oil Company, Third Party Defendant-Appellee.

### Gen. No. 48,555.

First District, First Division.

August 27, 1962.

Rehearing denied September 13, 1962.

Sidley, Austin, Burgess & Smith, of Chicago (James W. Kissel and Frederic F. Brace, Jr., of counsel), for defendant-third party plaintiff-appellant.

Klohr, Merrick, Braun & Lynch, of Chicago (Timothy I. McKnight and Mark A. Braun, of counsel), for third party defendant-appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, Casimir Blaszak, brought suit against defendant, Union Tank Car Company, for personal injuries. Union filed a third party complaint for indemnity against plaintiff's employer, Shell Oil Company, third party-defendant. The trial court dismissed the third party complaint on Shell's motion and Union appeals.

On July 1, 1952, Union and Shell entered into a "Car Service Agreement" whereby Shell leased an unspecified number of railroad tank cars from Union. On July 20, 1957, plaintiff, an employee of Shell, was injured while working on the unloading of a car covered by the agreement. The car contained paraffin wax which has to be melted prior to its unloading. The tank car was equipped with steam pipes and tubes by which heat was applied. As plaintiff was working on the car the lid, on top of said tank car, was forcibly thrown or blown from the car, striking plaintiff in the head and face.

Plaintiff filed suit against Union charging it with negligence in leasing the car to Shell in an unclean condition which caused unnecessary pressure to accumulate within the car with the result that the car's lid was blown off. Plaintiff's complaint further charged Union with negligence and with a breach of warranty to plaintiff's employer in failing to provide the car with proper safety devices, which would either have allowed the excess air pressure to escape, or warned the plaintiff of the presence of undue air pressure.

14

Pursuant to section 25(2) of the Civil Practice Act, Union filed a third party complaint against Shell to recover over from Shell any amount Union may be required to pay plaintiff. Count I of the third party complaint asserts that, under the "Car Service Agreement," Shell had the duty to clean the car and know that it was in proper condition for shipment, and if plaintiff suffered any damages as a result of the unclean and defective condition of the car, Shell would be obliged to reimburse Union for any amount Union would be required to pay plaintiff. Count II of the complaint asserts, that any injuries plaintiff may have received were the result of Shell's negligence while Union was innocent of any fault, negligence or wrongdoing. Count III asserts, that if Union were guilty of negligence, it was secondary or passive negligence, while Shell was the primary or active tort feasor.

Shell moved to dismiss the third party complaint on the following grounds: (1) neither the complaint nor the third party complaint alleges any fact or act of negligence on the part of Shell upon which liability could be predicated; (2) Union is charged with active negligence which precludes indemnity or contribution; (3) the "Car Service Agreement" does not contain an unqualified promise to indemnify Union for losses; and (4) Union can be liable to plaintiff only as an active tort feasor, and as a matter of law cannot seek indemnity or contribution. The motion to dismiss was granted and this appeal followed.

The "Car Service Agreement" which Union attached to its complaint, provides in part, as follows:

4. Any cleaning of cars that may be necessary to prepare them for shipment of commodities by or for the lessee shall be done at its expense and responsibility.

5. The lessee's tracks shall be considered home tracks for any part of the lessor's equipment, and

15

the lessor shall have the use thereof, without charge, provided such use is not in any way detrimental to the lessee's operations. The lessee agrees to perform, and/or assume the expense of all switching within or about its plant. . . .

6. Any car covered by this lease shall, prior to the time of its being placed or ordered placed for loading, and after the time it is made empty, be subject to the orders of the lessor, and the lessee agrees to carry out the instructions of the lessor as to the movement of any such empty car. . . .

9. The lessee shall be responsible for loss of any car covered by this lease or parts thereof and for damages thereto except such loss or damage occurring while the cars are in the possession of railroad transportation companies or while on the shop or storage tracks of the lessor.

10. The lessor shall not be liable for any loss or damage to the commodities loaded in its cars.

It is the duty of the lessee, under the conditions of this lease, to know that the cars of the lessor are in proper condition for loading and shipment. . . .

■■ Section 25(2) of the Civil Practice Act provides that ". . . a defendant may by third party complaint bring in as a defendant a person not a party to the action *who is or may be liable* to him for all or part of the plaintiff's claim against him, . . ."

It does not have to appear with certainty that there will be a recovery over against the third party defendant. It is sufficient that the pleadings show a possibility of recovery. We feel here the pleadings indicate Union might have a right to recover over against Shell any amount it may be required to pay plaintiff.

■ Shell contends that neither complaint alleges any fact or act of negligence on the part of Shell upon which liability could be predicated. Plaintiff's complaint against Union charges that it leased the car to Shell in an unclean condition and the presence of foreign elements on the day of the occurrence caused the lid to be blown from the car, thereby causing plaintiff injury. The complaint further charges that the steam pipes and other appliances attached to the car were defective, thereby causing "unnecessary steam or air pressure to accumulate within said tank car" forcing the lid to be blown therefrom. Paragraph 4 of the "Car Service Agreement" quoted above, provides that Shell had the responsibility for any cleaning that may be necessary to prepare the cars for shipment. Paragraph 10 provides that Shell had the obligation to know that the cars were in proper condition for loading and shipping. The pleadings present facts which clearly fall in the rule expressed in Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 541, 165 NE2d 346: "No explicit charge of negligence need be made, but it is sufficient if the facts stated are such as to raise a duty and show failure to perform."

■■ Shell's second contention is that Union is charged with active negligence which precludes indemnity or contribution. Shell relies on Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590. That case involved an automobile accident and defendant was charged with failing to apply her brakes, thereby causing her car to collide with plaintiff's automobile. Defendant's third party complaint was against the manufacturer of her automobile. In the complaint defendant asserted she had applied her brakes, but because of the manufacturer's negligence in manufacture or inspection, they failed to work. This is entirely different from the situation present here. The third party complaint in Shulman was dismissed for the

17

third party defendant was not shown to have any duty to apply the brakes of defendant's car, the negligent act upon which plaintiff based his claim for damages. If plaintiff proved his case against defendant there would have been no right of indemnity against the manufacturer, for the manufacturer could not have been guilty of the negligent act which was the basis for relief. If third party-plaintiff proved the allegations of her complaint, i. e., that she had applied the brakes, but they did not work because of the manufacturer's negligence, then plaintiff would not have been able to recover and there would have been no need for indemnity. The negligent act Union is charged with is the leasing of an unclean car. The third party complaint asserts that cleaning the car was Shell's responsibility under the leasing agreement. Because Union is the owner of the car, a jury may hold Union liable to plaintiff, although the tank car was in the sole possession and control of Shell. But the jury might also hold, after hearing evidence, that Union's negligence was passive or secondary while Shell was the active or primary tort feasor. This would allow Union to recover over from Shell for the Illinois rule against contribution or indemnification among joint tort feasors does not extend to the situation where the parties were not acting in pari delicto. Skala v. Lehon, 343 Ill 602, 175 NE 832; Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346. The same may be said with regard to the allegations concerning the steam pipes and safety devices.

Shell contends Union is charged with active negligence, thereby precluding a right to recovery over. Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590; Shapiro v. Gulf, Mobile & Ohio Railroad Co., 256 F2d 193. The pleadings here do not indicate whether the negligent acts complained of were active or passive in nature. "It is the function of the jury to determine

18

whether both defendants were guilty of negligence contributory to the harm: if so, to determine whether they were equally at fault in which event no right of indemnity arises. If, however, the jury finds that the fault of the third-party plaintiff was passive only and that the fault of the impleaded defendant was the primary cause of the harm, the latter will be held to indemnify the former in an action over." Banks v. Central Hudson Gas & Electric Corp., 224 F2d 631, 634–5. Defendant in Shulman was also charged with wilful and wanton negligence which can only be active in nature. There is no such charge in the complaint against Union. In referring to the negligence charge in Shapiro, the court said:

> . . . G. M. & O. is charged with failure to keep a proper lookout, excessive speed, faulty brakes and braking, failure to signal a warning of its approach to the crossing and failure to properly maintain and equip the crossing. *These are charges of affirmative and active negligence, primary in their character, and alleged to be the direct and proximate cause of plaintiff's injuries* and the death of one of them. . . . 256 F2d at 196.

We cannot say here, prior to hearing evidence, that the negligence complained of in plaintiff's complaint is active or primary in nature.

██ Shell's next contention is that the "Car Service Agreement" does not contain an unqualified promise to indemnify Union for losses. Union is not seeking indemnity on an express agreement to indemnify, but rather on an implied contract basis. The failure to include an express provision for indemnification does not prevent recovery on an implied basis. "Actions for indemnity, in the absence of express contractual indemnification obligations, have also been recognized

19

in Illinois. . . ." Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 539, 165 NE2d 346.

■ Shell points out in its brief that plaintiff's remedy against Shell is exclusively under the provisions of the Illinois Workmen's Compensation Act, Ill Rev Stat, ch 48, secs 138.5(a) and 138.11 (1955). This is, undoubtedly, the reason why plaintiff did not join Shell as a party defendant. This fact, however, does not prevent Union from seeking recovery over from Shell if it can show at trial that plaintiff's injuries were the result of Shell's primary negligence while Union was only passively negligent. Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 542, 544, 165 NE2d 346.

■■ The purpose behind the adoption of section 25(2) is to allow at one trial, a determination of the rights and liabilities of all parties connected with an incident. In construing a comparable provision, the New York court has said:

> "The court is of the opinion that the pleadings do set forth facts tending to show that there may be a liability over, and that, therefore, the cross-complaint should be sustained on preliminary motion and the issues relegated for determination by the trial court upon a full development of the proofs. Such a solution, resulting in the full determination on one trial of all controversies and ultimate rights as between the parties, is the proper one, and contemplated by Civil Practice Act, sec 264, that is, assuming that the issues are properly presented by the pleadings. On the other hand, a dismissal of the cross-complaint as sought by the co-defendants would necessarily be without prejudice and require another action and trial to determine the questions of liability over, and such a course would not be justified particularly where all the parties are now before the court in this ac-

tion and all the proofs relevant to the issues will, in any event, necessarily be presented on the trial of the action." Primes v. Ross, 123 NYS2d 702, 704.

The Federal courts have similarly held:

"The third party complaint is not required to show with certainty a right to recovery over . . . there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. . . . That decision must await the receipt of evidence, the nature and extent of which at this time would be a matter of speculation. . . . It would seem in the interest of justice to have all interested parties present where the nature and extent of the negligence proven can be determined, and the possible inconsistent result of two trials avoided." Lane v. Celanese Corp., 94 F Supp 528, 531–2 (NDNY).

The pleadings here show that Shell and Union entered into a tank car leasing agreement under which Shell assumed some responsibility for the condition of the cars covered by the lease. Five years later a car covered by the agreement was involved in an accident. Plaintiff is claiming damages on the grounds the car was unclean and defective. Until evidence is presented we cannot say whether plaintiff is entitled to relief, and if so, who was primarily responsible for the injuries. Therefore it was error to dismiss the third party complaint.

Order reversed.

MURPHY and ENGLISH, JJ., concur.